IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEINALD V. PARNELL, ) | Case No. 8:07CV220 |
| ) | |
| Petitioner, ) | |
| vs. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| ROBERT P. HOUSON, Director, ) | |
| FRED BRITTEN, Warden, TSCI, ) | |
| ) | |
| Respondents. ) | |

The petitioner has paid his filing fee and the court has now conducted an initial review of the petition for writ of habeas corpus (filing 1) to determine whether the claims made by the petitioner are, when liberally construed, potentially cognizable in federal court. Condensed and summarized for clarity, the six claims asserted by the petitioner are these:

Claim One: There was insufficient evidence to support the petitioner's conviction for possession of a firearm by a felon and being a habitual criminal. This is construed as a due process claim arising under the Fourteenth Amendment.

Claim Two: There was prosecutorial misconduct because a police report containing exculpatory information was not disclosed and because a statement was made to the jury that the petitioner's witnesses were protecting him. This is also construed as a due process claim.

Claim Three: The petitioner was denied effective assistance of trial counsel because his attorney failed to review the complete

|  |  |
|---|---|
|  | police report, failed to object to or move for a mistrial based on the admission of evidence regarding prior bad acts, failed to interview possible defense witnesses or the officer who discovered the firearm, failed to object to hearsay testimony, failed to advise the petitioner of his constitutional rights, failed to request a continuance after learning that several reports had not been disclosed by the prosecution, and failed to challenge a habitual criminal charge. This is construed as a Sixth Amendment claim. |
| Claim Four: | The petitioner was denied effective assistance of appellate counsel because his attorney failed to assert that the plaintiff was denied effective assistance of trial counsel, that the prosecution failed to disclose police reports, or that the evidence was insufficient to convict the plaintiff. This is also construed as a Sixth Amendment claim. |
| Claim Five: | The petitioner was convicted by false testimony. This is a redundant claim either alleging that there was insufficient evidence to support the petitioner's conviction (claim one) or that there was prosecutorial misconduct (claim two). No independent constitutional claim is alleged. |
| Claim Six: | The petitioner was denied a fair trial because there was no proof that he knew there was a weapon in the house where he was apprehended. This claim is also redundant. There is no allegation that the statute under which the petitioner was convicted is constitutionally infirm, or that the jury was not properly instructed on the elements of the crime; rather, it appears that the petitioner once again is claiming |

that there was insufficient evidence to support his conviction (claim one).

Liberally construed, the court preliminarily decides that claims one, two, three, and four are potentially cognizable in federal court, but that claims five and six are redundant and should be dismissed on this procedural basis. The court cautions, however, that no determination has been made regarding the merits of claims one, two, three, and four, or any defenses to them, or whether there are procedural bars that will prevent the petitioner from obtaining the relief sought.

The petitioner seeks the appointment of counsel. (Filing 1 ¶ 24.) "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed *unless* the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir.), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted.) In short, there is no need for the appointment of counsel at this time.

Accordingly,

IT IS ORDERED that:

1. Upon initial review of the habeas corpus petition (filing 1), the court preliminarily determines that the following claims are potentially cognizable in federal court: Claims one, two, three, and four as described in the body of this memorandum.

2. Upon initial review, the court determines that the allegations made in claim five are merely repetitive of allegations made in claims one and two, and claim five is therefore dismissed as redundant.

3. Upon initial review, the court determines that the allegations made in claim six are merely repetitive of allegations made in claim one, and claim five is therefore dismissed as redundant.

4. Petitioner's request for the appointment of counsel (filing 1 ¶ 24) is denied without prejudice to reassertion.

5. The Clerk of the court is directed to mail copies of this memorandum and order and the § 2254 petition to the respondent and the Nebraska Attorney General by regular first-class mail.

6. By October 29, 2007, the respondent shall file a motion for summary judgment or an answer. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: "Summary judgment or answer deadline expires October 29, 2007."

7. If the respondent elects to file a motion for summary judgment, the following procedures shall be followed by the respondent and the petitioner:

    A. The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

    B. The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in separate filing entitled: "Designation

of State Court Records in Support of Motion for Summary Judgment."

C. Copies of the motion for summary judgment, the designation, including state courts records, and the respondent's brief shall be served upon the petitioner *except* that respondent is only required to provide the petitioner with a copy of the specific pages of the record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by the petitioner, the petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, the petitioner shall file and serve a brief in opposition to the motion for summary judgment. The petitioner shall submit no other documents unless directed to do so by the court.

E. No later than 30 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief.

F. If the motions for summary judgment is denied, the respondent shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. The respondent is warned the failure to file an answer, a designation and a brief in a timely

fashion may result in the imposition of sanctions **including the release of the petitioner.**

8. If the respondent files an answer, the following procedures shall be followed by the respondent and the petitioner:

   A. No later than 30 days after the filing of the answer, respondent shall file a separate brief. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of the petitioner's allegations that have survived initial review, and whether any claim is bared by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

   B. The answer shall be supported by <u>all</u> state court records which are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records shall be contained in separate filing entitled: "Designation of State Court Records In Support of Answer."

   C. Copies of the answer, the designation, and the respondent's brief shall be served upon the petitioner *except* that respondent is only required to provide the petitioner with a copy of the specific pages of the designated record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by the petitioner, the petitioner may file a

       motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days following the filing of respondent's brief, the petitioner shall file and serve a brief in response. The petitioner shall submit no other documents unless directed to do so by the court.

    E.    No later than 30 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief.

9.    No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

September 17, 2007.        BY THE COURT:

                              *s/Richard G. Kopf*
                              United States District Judge