IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KEINALD V. PARNELL, | ) | |
| | ) | |
| Petitioner, | ) | 8:07CV220 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT P. HOUSTON, Director, | ) | **MEMORANDUM** |
| and FRED BRITTEN, Warden, TSCI, | ) | **AND ORDER** |
| | ) | |
| Respondents. | ) | |

    This matter is before the court on Petitioner's Petition for Certificate of Appealability. (Filing No. 22.) Petitioner filed his Petition for Writ of Habeas Corpus on June 7, 2007, asserting six claims. (*See* Filing Nos. 1 and 8.) On March 28, 2008, this court dismissed Petitioner's claims and entered Judgment in favor of Respondents. (Filing Nos. 18 and 19.) On April 11, 2008, this court denied Petitioner's Motion for Reconsideration. (Filing No. 21.) Petitioner filed his Petition for Certificate of Appealability on May 6, 2008. (Filing No. 22.)

**I.     Notice of Appeal**

    Petitioner has not filed a Notice of Appeal in this proceeding. However, the Eighth Circuit has held that a pro se petitioner's timely filed motion for probable cause, which satisfies the requirements of Federal Rule of Appellate Procedure 3(c), "is clearly sufficient to give notice that [petitioner] intended to appeal from the district court's denial of his petition for writ of habeas corpus."[1]   *Turner v.*

---

[1] Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when appealing the dismissal of a petition for writ of habeas corpus, a Petitioner obtained a certificate of probable cause rather than a certificate of appealability. *See Barefoot v. Estelle*, 463 U.S. 880, 892-94 (1983).

*Armontrout*, 922 F.2d 492, 494 (8th Cir. 1991)(citing five other Circuits that "have held that a motion for certificate of probable cause, filed by a pro se petitioner within the time limits of Rule 4(a) can serve as the functional equivalent of a notice of appeal"); *see also Marmolejo v. United States*, 196 F.3d 377, 378 (2d Cir. 1999) (holding that "a motion for a certificate of appealability should be construed as a notice of appeal").

In this proceeding, Petitioner's intent to appeal from the Memorandum and Order and Judgment dismissing his Petition for Writ of Habeas Corpus is evident from his Petition for Certificate of Appealability. (*See* Filing No. 22.) The Petition for Certificate of Appealability was filed within thirty days of the denial of Petitioner's Motion for Reconsideration. As in *Turner*, Petitioner's Petition contains all of the information required for a Notice of Appeal under Federal Rule of Appellate Procedure Rule 3(c): it names the party taking the appeal, it designates the judgment appealed from, and names the court to which the appeal is taken. (*See* Filing No. 22 at CM/ECF pp. 1-2.) Accordingly, Petitioner's Petition for a Certificate of Appealability should be construed as a Notice of Appeal. The Clerk of court is directed to docket a copy of the Petition for Certificate of Appealability as Petitioner's Notice of Appeal. Such Notice of Appeal shall be deemed filed on May 6, 2008, the same date that the Petition for Certificate of Appealability was filed.

## II.     **Leave to Appeal In Forma Pauperis**

When Petitioner filed his Petition for Certificate of Appealability, he did not submit the appellate filing fee of $455.00, nor did he submit a motion to proceed in forma pauperis ("IFP"). Petitioner is a prisoner and has previously been granted leave to proceed in forma pauperis ("IFP") in this matter. (Filing No. 6.) Federal Rule of Appellate Procedure 24(a)(3) states:

(a)     Leave to Proceed in Forma Pauperis ....

2

>    (3) Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless
>
>> (A) the district court – before or after the notice of appeal is filed– certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
>>
>> (B) a statute provides otherwise.

The court finds that, because Petitioner was previously given leave to proceed IFP, he may now "proceed on appeal in forma pauperis without further authorization" in accordance with Federal Rule of Appellate Procedure 24.

### III. Petition for Certificate of Appealability

Before a petitioner may appeal the dismissal of a petition for writ of habeas corpus, a "Certificate of Appealability" must issue. Pursuant to the AEDPA, the right to appeal such a dismissal is governed by 28 U.S.C. § 2253(c), which states:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; ....
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

3

> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).[2]

A certificate of appealability may issue only if the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Such a showing requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted), citing *Barefoot*, 463 U.S. at 893-94 (defining pre-AEDPA standard for a certificate of probable cause to appeal).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. Similarly, if the district court denies a petition for writ of habeas corpus on procedural grounds without reaching the underlying constitutional claims on the merits:

> [A] COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling .... Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or

---

[2]Similarly, Federal Rule of Appellate Procedure 22(b), as amended by the AEDPA, indicates that in an action pursuant to 28 U.S.C. § 2254, a notice of appeal triggers the requirement that "the district judge who rendered the judgment must either issue a certificate of appealability or state why such a certificate should not issue."

4

>that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Id.*

The court has carefully reviewed the record and Petitioner's Petition for Certificate of Appealability. (Filing No. 22.) Petitioner has failed to demonstrate that reasonable jurists would find this court's ruling debatable or wrong. For the same reasons stated in its March 28, 2008 Memorandum and Order, dismissing Petitioner's claims, the court declines to issue a Certificate of Appealability.

IT IS THEREFORE ORDERED that:

1. Petitioner is granted Leave to Appeal In Forma Pauperis.

2. Petitioner's Petition for Certificate of Appealability (filing no. 22) is denied without prejudice to reassertion before the Eighth Circuit.

3. The Clerk of court is directed to docket a copy of the Petition for Certificate of Appealability as Petitioner's Notice of Appeal. Such Notice of Appeal shall be deemed filed on May 6, 2008, the same date that the Petition for Certificate of Appealability was filed.

4. The Clerk of the court shall provide the Court of Appeals with a copy of this Memorandum and Order.

May 12, 2008.  BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge